IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL STEEDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-215-GMS |
| | ) |
| JAMES MCBRIDE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Russell Steedley ("Steedley"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 9.) Before the court is a motion to dismiss filed by the defendant Richard Kearney ("Kearney") and Steedley's opposition thereto. (D.I. 84, 90.)

## I. BACKGROUND

Steedley filed an amended complaint raising medical needs claims pursuant to 42 U.S.C. § 1983.[1] (D.I. 31.) Kearney moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the amended complaint fails to allege adequate personal involvement, he may not be held liable under a vicarious liability theory, he has qualified immunity, and the amended complaint fails to state a claim upon which relief may be granted. (D.I. 84.)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. STANDARDS OF LAW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, __F.3d__, 2014 WL 4343864 at *6 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Davis v. Abington Mem'l Hosp.*, __F.3d__, 2014 WL 4198903, at *2 (3d Cir. 2004) (*quoting Iqbal*, 556 U.S. at 678). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

In naming Kearney as a defendant (who at the time was the Acting Bureau Chief for the Delaware Department of Correction), the amended complaint describes his duties as chairing the final stage of the grievance process and being responsible for the protection of inmates rights.[2] (D.I. 31, ¶ 7.) The amended complaint alleges that Kearney failed to protect and act in Steedley's best interest, failed to hold contract heath care providers to their contractual obligations to provide adequate care, and acquiesced in the denials of adequate medical care with malice and deliberate indifference to Steedley's known medical needs. (*Id.* at Count IV.) Attached to the amended complaint is an August 31, 2009 letter from Kearney denying Steedley' appeal of medical grievance No. 182080 (dated June 1, 2009). (D.I. 31, ex.)

---

[2]Kearney retired in 2010.

Steedley argues that Kearney's denial of the grievance appeal suffices to establish Kearney's actual knowledge of the events outlined in the amended complaint and personal involvement in the denial of medical care by the contract medical care providers. However, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). *See also Wilkerson v. Schafer*, 2011 WL 900994, at *7 (M.D. Pa. 2011) (allegations that defendants "should be held liable for due process violations because they should have become aware of them through their review of his misconduct appeals is insufficient to establish their personal involvement in the underlying unconstitutional conduct").

In addition, a prison administrator cannot be deliberately indifferent "simply because [he] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

Based upon the foregoing, the court concludes that Steedley's claim against Kearney is legally frivolous. Therefore, the court will grant the motion to dismiss.[3]

## IV. CONCLUSION

For the reasons discussed, the court will grant Kearney's motion to dismiss (D.I. 84), as the claim against him is legally frivolous,[4] and finds amendment futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be issued.

UNITED STATES DISTRICT JUDGE

Sept 8, 2014
Wilmington, Delaware

---

[3] The court also notes that the claims against Kearney are conclusory without supporting facts and, therefore, fail to meet the pleading requirements of *Iqbal* and *Twombly*.

[4] The court sees no need to address the remaining grounds upon which Kearney moves for dismissal.

4